IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

      Plaintiff,                       No. CIV S-04-2557 FCD PAN P

    vs.

M. D. MCDONALD, et al.,

      Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. 1983. Plaintiff claims, inter alia, that defendant McDonald acted with deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment, when, in November 2003, he removed plaintiff from single cell status and, in May 2004, when he refused to reinstate plaintiff's single cell status. Plaintiff has filed a motion for a temporary restraining order requiring defendants to reinstate his single cell status. Defendants oppose the motion.

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general

1

standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

        The legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

        In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

        In support of his motion, plaintiff claims that defendants are continually requiring him to be housed with gang members, which he refuses to do, resulting in disciplinary action against him which leads to a reduction in his privilege status and a loss of access to programs which might shorten his prison sentence and the loss of good time credits.

        In opposition to the motion, defendants contend that the court lacks jurisdiction over any prison official who has custody of plaintiff because they are employed at High Desert

1  State Prison, where the events complained of occurred, and plaintiff is now housed at California
2  Correctional Institution.  Defendants also contend that plaintiff has made no showing that he is
3  threatened with irreparable harm.  Defendants are appallingly in error regarding their
4  jurisdictional argument, but that is of no significance here.
5          After review of the record herein, this court finds that plaintiff has shown neither
6  that his motion for temporary restraining order is grounded in a claim on which he is likely to
7  succeed nor that he is threatened with irreparable injury absent the requested order.  Accordingly,
8  IT IS HEREBY RECOMMENDED that plaintiff's December 8, 2005 motion for temporary
9  restraining order be denied.
10         These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
12 days after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties.  Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
15 failure to file objections within the specified time may waive the right to appeal the District
16 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 DATED:   August 16, 2006.

UNITED STATES MAGISTRATE JUDGE

12
fost2557.tro