IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

      Plaintiff,                              No. CIV S-04-2557 RRB PAN P

    vs.

M. D. MCDONALD, et al.,

      Defendants.                   <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. 1983. Plaintiff claims that defendant McDonald acted with deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment, when, in November 2003, he removed plaintiff from single cell status and, in May 2004, when he refused to reinstate plaintiff's single cell status. Plaintiff also claims that defendant Davey violated plaintiff's right to due process by taking his appliances without a hearing and that defendants St. Andre and McDonald participated in the due process violation by requiring plaintiff to send the property home even though he could not afford to do so. This matter is before the court on plaintiff's motion to compel further responses to three interrogatories and to a request for production of documents.

        Plaintiff seeks to compel defendant McDonald to provide further answers to interrogatories two and three in plaintiff's first set of interrogatories, defendant Davey to provide

1

1  a further answer to interrogatory twelve of plaintiff's first set of interrogatories, and defendants
2  McDonald, Davey and St. Andre to provide responses to several requests in plaintiff's first
3  request for production of documents.  Defendants oppose the motion.

4        Interrogatory number two to defendant McDonald asks:  "Did the plaintiff meet
5  the criteria too [sic] single cell housing at the time the plaintiff was placed on single cell status?"
6  (Ex. A to Plaintiff's Motion to Compel, filed February 1, 2006, at 3.)  Defendant objected to the
7  interrogatory on the grounds that it called for an opinion and for speculation.  (Id.) In support of
8  his motion to compel, plaintiff contends that he seeks information that is documented and subject
9  to specific guidelines and, therefore, that defendant's objection is not well-taken.

10        In opposition to the motion, defendant contends that the information plaintiff
11  seeks is not relevant to the claim that defendant McDonald improperly revoked his single cell
12  status.  In support of this contention, defendant provides evidence that plaintiff was placed on
13  single cell status in 1999 while he was housed at Pelican Bay State Prison, that defendant
14  McDonald was not part of the committee that made the original decision to place plaintiff on
15  single cell status, that his single cell status was continued after he transferred to High Desert
16  State Prison in 2000, and that his single cell status was revoked in November 2003 when a
17  committee, which did include defendant McDonald, determined that plaintiff "did not meet the
18  criterial per O.P. 502 for continued single cell housing." (Exs. A, B and C to Defendants'
19  Opposition to Plaintiff's Motion to Compel Discovery, filed April 7, 2006.)

20        Defendant's contention that the information sought by interrogatory number two
21  is not relevant to the claims at bar is well-taken.  Defendant McDonald will not be required to
22  provide a further response to interrogatory number two.

23        Interrogatory number three to defendant McDonald asks:  "Is it documented
24  anywhere in the plaintiff's c-file that the plaintiff is an ex-gang member."  (Ex. A to Motion to
25  Compel, at 3.)  Defendant's response to this interrogatory was:
26  /////

> I do not know. Plaintiff is no longer housed at High Desert State Prison, therefore, his central file is not reasonably available for my review. Plaintiff may review his file through established institutional procedures.

(Id.) Defendant McDonald's response to interrogatory number three is sufficient and no further response will be required.

Interrogatory number twelve to defendant Davey asks: "Have you ever confiscated appliances from any other race of inmates for refusing to take a cell mate other than African Americans" If yes, (A). State the race of inmates other than African Americans." (Ex. B to Motion to Compel, at 6.) Defendant objected to this interrogatory on the ground that it was "not reasonably calculated to lead to the discovery of admissible evidence." (Id.) On March 22, 2006, defendant Davey served plaintiff with an amended response to the interrogatory stating that he has used the disciplinary process to confiscate appliances from inmates of all races. (Ex. E to Defendants' Opposition.) This part of plaintiff's motion to compel is moot and will therefore be denied.

Plaintiff also seeks to compel further responses to requests 1-5, 7, 10 and 11 of his first request for production of documents. In opposition to the motion, defendants assert that documents responsive to requests 1-4 and 7 are all available to plaintiff through review of his central file, and they present evidence that counsel for defendants took affirmative steps to facilitate plaintiff's ability to review and obtain copies from his central file. (Ex. F to Defendants' Opposition.) No further response to those requests will be required.

By requests 5, 10, and 11, plaintiff seeks "all written complaints and appeals" brought against defendant McDonald for removing inmates from single cell status between January 1, 2003 and December 1, 2005, and "all complaints/appeals written and filed by inmates who's property was confiscated and ordered sent home pursuant to OP # 606 between 1-1-04 thru 6-1-05 (with deleted names of inmates)." (Ex. B to Motion to Compel, at 4-5.) Defendants objected to these requests as "overbroad, burdensome, requests document protected by California

1 privacy laws, and is not reasonably calculated to lead to the discovery of admissible evidence."
2 (Id.)
3       Plaintiff contends that documents responsive to these request will lead him to
4 complaints similar to his made by other inmates, which may provide evidence of "defendants
5 motives to systematically removing [sic] inmates from single cell status" and/or that defendants
6 were motivated by monetary, rather than safety, considerations.  Plaintiff also contends the
7 documents may lead him to potential trial witnesses.  In opposition to the motion, defendants
8 contend that complaints of other inmates reveal nothing about the reasons for implementation of
9 the policies underlying the events complained of herein or defendants' motives for the actions
10 challenged herein.  Defendants also contend that the requests are burdensome because inmate
11 appeals are not filed by issue appealed and responsive documents could only be located by a hand
12 search of all inmate appeal files at High Desert.
13       This court finds that the documents plaintiff seeks by requests 5, 10, and 11 are
14 not reasonably likely to lead to the discovery of admissible evidence relevant to the claims at bar.
15 No further response to these interrogatories will be required.
16       For all of the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's
17 February 1, 2006 motion to compel is denied.
18 DATED:  August 16, 2006.

UNITED STATES MAGISTRATE JUDGE

/12; fost2557.mtc