1

2

3

4

**IN THE UNITED STATES DISTRICT COURT**

5

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7

8

9

10

11

RONALD FOSTER,

       Plaintiff,

vs.

M.D. McDONALD, et al.,

       Defendants.

No. 2:04-CV-2557-RRB-EFB-P

<u>ORDER</u>

12

13

14

15

16

17

18

     Plaintiff Ronald Foster ("Plaintiff"), a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.   Plaintiff seeks damages and injunctive relief reinstating his single cell status.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

19

20

21

22

     On March 2, 2007, Magistrate Judge Edmund F. Brennan filed Findings and Recommendations (Docket 58) herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be

23

24

25

26

ORDER REGARDING PENDING MOTIONS - 1
2:04-CV-2557-RRB-EFB-P

filed within fourteen days.  Defendants filed timely objections to the findings and recommendations at Docket 59.[1]

Defendants M.D. McDonald, et al. ("Defendants") object only to the magistrate judge's recommendation that Defendants' Cross-Motion for Summary Judgment as to Defendant M.D. McDonald be denied.  Defendants' objections concern the applicability of Edwards v. Balisok, 520 U.S. 641 (1997), to Plaintiff's Eighth Amendment claims against Defendant M.D. McDonald for his role in removing Plaintiff from single cell status.  Plaintiff's refusal to double-cell has resulted in a reduction of his good-time credits and caused him to be placed on zero-earning status. [2]  Defendants argue that although Plaintiff does not seek restoration of his good-time credit, a decision in his favor would necessarily require restoration of Plaintiff's credit earning status, which would in turn necessarily alter his release date.  Defendants, therefore, reiterate their position that Plaintiff's sole remedy is a habeas corpus action.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court held that a claim for damages and declaratory relief brought by a prisoner challenging the validity of the procedures used to deprive him of good-time credits is not cognizable under 42 U.S.C.

---

[1]     As a result, and in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, the Court has conducted a de novo review of this case.

[2]     See Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment, Docket 46, Ex. B.

§ 1983.  The holding in  <u>Balisok</u>  was premised on the holdings in <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), both of which limit prisoners to habeas relief where their claims necessarily challenge the duration of their confinement.

In <u>Preiser</u>, the Court held that the sole remedy for a prisoner seeking restoration of good time credits is a writ of habeas corpus.[3]  Similarly, in <u>Heck</u>, the Court held that a claim for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.[4]  More specifically, the Court held that if a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the prisoner's claim for damages is not cognizable under §1983, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[5]

In <u>Balisok</u>, the plaintiff alleged violations of his due process rights under § 1983 with regard to disciplinary proceedings that resulted in the loss of good-time credit.  The Court held that plaintiff's alleged deprivations of due process during the disciplinary proceedings necessarily implied the invalidity of the

---

[3]   <u>Preiser</u>, 411 U.S. 489-90.

[4]   <u>Heck</u>, 512 U.S. at 486.

[5]   <u>Id.</u> at 487.

ORDER REGARDING PENDING MOTIONS – 3
2:04-CV-2557-RRB-EFB-P

punishment imposed, i.e., the loss of his good-time credits.[6]  The Court held that plaintiff's requests for damages and declaratory relief were therefore <u>not</u> cognizable under § 1983.

In the present case, Plaintiff seeks both monetary and injunctive relief.  As stated clearly in his Ppposition to Defendants' Cross-Motion for Summary Judgment (Docket 50), Plaintiff does not seek restoration of his good time credits, nor does he challenge the process by which his good-time credits were reduced.  Rather, one of his primary claims for relief is injunctive relief in the form of an order reinstating his single cell status.  This claim is premised on Plaintiff's allegations that Defendant M.D. McDonald was deliberately indifferent to the risks to Plaintiff's safety when removing Plaintiff from single cell status.  However, as Defendants point out, Plaintiff was never forcibly double-celled.  Instead, he remained single-celled but continued to lose good-time credit based on his refusal to accept a cellmate.  Those administrative actions reducing his good-time credit have resulted in a change of Plaintiff's release date by seven years.  Because a judgment in Plaintiff's favor would necessarily imply the invalidity of Plaintiff's loss of good time credit, which would in turn result in a recalculation of Plaintiff's release date, Plaintiff's § 1983 claim is barred under <u>Heck</u> and <u>Balisok</u>.  Accordingly, the Court concludes Plaintiff's

---

[6]     <u>Balisok</u>, 520 U.S. at 648.

ORDER REGARDING PENDING MOTIONS - 4
2:04-CV-2557-RRB-EFB-P

sole remedy is a writ of habeas corpus, and Defendants' Cross-Motion for Summary Judgment as to Defendant M.D. McDonald should be granted.

Accordingly, IT IS **HEREBY ORDERED** that:

1.    The Findings and Recommendations at Docket 58, filed March 2, 2007, are adopted in part;

2.    Plaintiff's Motion for Summary Judgment at **Docket 42** is **DENIED**;

3.    Defendants' Cross-Motion for Summary Judgment at **Docket 45** is **GRANTED** as to the due process claims against Defendants Davey and St. Andre;

However, the Court declines to adopt the recommendation to deny Defendants' Cross-Motion for Summary Judgment as to Defendant M.D. McDonald.  Rather, as set forth above,

4.    Defendants' Cross-Motion for Summary Judgment at **Docket 45** is **GRANTED** as to Defendant M.D. McDonald; and,

5.    The Clerk is directed to close the case.

**ENTERED** this 4th day of April 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

ORDER REGARDING PENDING MOTIONS - 5
2:04-CV-2557-RRB-EFB-P